JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT  13 CIV 2999
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSE FERMIN,

                      Plaintiff,

         -against-

Detective SAED RABAH, Shield No. 7604; Undercover Police Officer No. C-00113; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded



RECEIVED MAY -3 2013 U.S.D.C. S.D.N.Y. CASHIERS

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jose Fermin ("plaintiff" or "Mr. Fermin") is a resident of New York County in the City and State of New York.

7. Defendant Detective Saed Rabah, Shield No. 7604 ("Rabah"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rabah is sued in his individual and official capacity.

8. Defendant Undercover Officer # C-00113 ("UC C-00113") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-00113. UC C-00113 is sued in his or her individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 4:45 p.m. on March 15, 2013, plaintiff was lawfully present in the vicinity of Madison and Rutgers Streets in New York, New York.

13. Mr. Fermin was waiting for his mother to exit the subway when he was approached and aggressively arrested by the defendant officers.

14. No contraband was recovered from plaintiff and he had not committed any crime prior to his arrest.

15. There was no reasonable suspicion to stop plaintiff or probable cause to arrest him.

16. Plaintiff was handcuffed.

17. Plaintiff was taken to a police precinct.

18. Plaintiff was strip-searched.

19. Plaintiff was then transported to Manhattan Central Booking, also known as The Tombs.

20. The officers falsely informed employees of the Manhattan District Attorney's Office that they had observed plaintiff involved in the sale of a controlled substance.

21. The officers had not observed plaintiff engaged in any criminal activity.

22. Following arraignment and because plaintiff was unable to make bail, Mr. Fermin was taken to Rikers Island.

23. After being held in custody for approximately six days, a grand jury returned a no true bill, all charges were dismissed, and Mr. Fermin was released.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion, and unlawfully strip-searched him.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of Mr. Fermin constituted malicious prosecution in that there was no basis for his arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

37. As a direct and proximate result of defendants' unlawful actions, Mr. Fermin has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the Manhattan District Attorney's office.

41. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

6

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore allege.

## SIXTH CLAIM
### Failure to Intervene

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 1, 2013
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel P. Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiff*